# In the United States Court of Federal Claims

No. 15-1535C

(Filed: November 7, 2016)

```
*************************************  *
                                       *
NIPPON PAPER INDUSTRIES USA CO.,       *
LTD.,                                  *
                                       *
                Plaintiff,             *     Motion to Compel Discovery;
                                       *     Section 1603 of ARRA; Non-Party
v.                                     *     Documents and Communications.
                                       *
THE UNITED STATES,                     *
                                       *
                Defendant.             *
                                       *
*************************************  *
```

*Darrel D. Hallett*, Colvin & Hallett, P.S., Seattle, Washington, for Plaintiff.

*Jennifer D. Auchterlonie,* with whom were *Caroline D. Ciraolo,* Principal Deputy Assistant Attorney General, *David I. Pincus,* Chief, *G. Robson Stewart,* Assistant Chief, and *Courtney M. Huston* and *Jason S. Selmont,* Trial Attorneys, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant..

OPINION AND ORDER ON
PLAINTIFF'S MOTION TO COMPEL DISCOVERY

WHEELER, Judge.

Plaintiff Nippon Paper Industries USA Co., Ltd. ("Nippon") filed a motion to compel discovery of information related to non-party applications for cash grants under section 1603 of the American Recovery and Reinvestment Act of 2009 ("ARRA"). The Treasury Department reduced Nippon's section 1603 grant award based upon Treasury guidance documents interpreting how section 1603 applies to dual-use facilities. According to Nippon, its discovery requests are relevant because the requested information will show that Treasury has inconsistently applied the guidance documents relied upon in reducing Nippon's award. The Government objects to the discovery as irrelevant, overly burdensome, and overly broad. The key issue is whether non-party application information

is relevant to a determination of whether the Treasury guidance warrants deference. The Court holds that the information is relevant, and GRANTS IN PART Nippon's motion to compel discovery.

## Background

Section 1603 of ARRA provides for a cash grant, instead of other available tax credits, for qualified investments in renewable energy properties. Pub. L. No. 111-5 (2009). The Treasury Department administers and oversees the ARRA program. Under ARRA, an open-loop biomass facility is eligible to receive a cash grant of no more or less than 30 percent of its cost basis. 26 U.S.C. § 1603(b)(2)(A). Treasury published a guidance document for section 1603 applicants to assist in preparing applications in July 2009, with revisions in March 2010 and April 2011 ("the Guidance"). Def.'s Resp. at 4. The portion of the Guidance which clarifies what activity may be considered in calculating one's cost basis when the facility engages in multiple activities is at issue. The Guidance states: "The eligible basis of a qualified facility does not include the portion of the cost of the facility that is attributable to a non-qualifying activity." United States Treasury Dept., Payments for Specific Energy Property in Lieu of Tax Credits under the ARRA of 2009 (rev. Apr. 2011), available at, www.treasury.gov/initiatives/recovery/Documents/GUIDANCE.pdf. The Guidance "alerts applicants that eligible basis must include only costs related to qualifying activities and that basis should be allocated accordingly." Def.'s Resp. at 4. If a facility engages in both qualified activities and unqualified activities then it is deemed a "dual-use" facility, and its section 1603 grant will be limited only to the cost basis of its qualifying activity. Id.

Nippon constructed an open-loop biomass facility in 2013 which generates superheated steam that can produce 20 megawatts of electricity for sale. Pl.'s Mot. at 1. The facility also produces "waste steam" which is used in the facility's paper production process. Id. Nippon applied for a section 1603 grant seeking 30 percent of its eligible costs, requesting a total of $25,316,581. Compl. ¶ 36. Applying the Guidance, Treasury determined that Nippon's facility served dual functions of electricity production and steam production and reduced Nippon's grant to $19,452,855. Def.'s Resp. at 4. Nippon initiated this action challenging Treasury's determination and seeking the remaining $5,863,726 of its section 1603 application. Compl. at 13. Following a Freedom of Information Act request, Nippon learned that at least three dual-use, open-loop facilities similar to Nippon's facility received full grant awards under section 1603 after the Guidance was issued. Pl.'s Mot. at 2, Decl. Johnson ¶ 3. Nippon argues that the allocation under the Guidance is impermissible and inconsistent with the statutory language of section 1603, and the Guidance does not warrant deference given its inconsistent application. Compl. ¶¶ 49-54; Pl.'s Mot. at 2.

To further support its claim, on May 23, 2016 Nippon sent interrogatories and requests for production of documents to the Government requesting information regarding

other section 1603 applicants for dual-use facilities that received full grant awards.  Pl.'s Mot. at 3.  Nippon identified seven entities by name and requested the Government to identify any other relevant applicants.  Id.  On June 27, 2016, the Government objected to the request on the grounds that it was overly broad, unduly burdensome and beyond the scope of discovery.  Def.'s Resp. at 6.  The Government claimed that information about other applications is irrelevant because this proceeding is conducted under *de novo* review.  Id.  After failed attempts to resolve the discovery dispute, Nippon filed its motion to compel discovery on September 29, 2016.  The Government filed its response on October 24, 2016, and Nippon filed a reply in support of its motion on November 3, 2016.

At issue are two interrogatories and two requests for production of documents.  The Court repeats them here for ease of discussion:

> **Interrogatory No. 1:** Identify each and every section 1603 biomass applicant whose section 1603 application indicated a dual use facility and did not have its grant amount reduced because of the dual use. . . . In your response, identify whether, for each of the biomass applicants identified . . . , the biomass applicant: (a) identified a dual use on its application; (b) did not have its grant reduced because of the dual use.
>
> **Interrogatory No. 3:** State the reason(s) that, for any applicant identified in response to Interrogatory 1, such applicant's grant was not reduced, and state the factors, if any, that distinguish such applicant(s) from Plaintiff. In your response, also state any factors that caused the Department of Treasury to determine that a grant reduction was not warranted for such applicant whereas such reduction was warranted for Plaintiff.
>
> **Request for Production No. 1:** All documents referred to, relied upon, or relating to your Responses to Plaintiff's First Set of Interrogatories Directed to Defendant United States of America.
>
> **Request for Production No. 2**: With respect to any section 1603 applicant whose section 1603 application indicated a dual use facility and did not have its grant request reduced because of the dual use, provide the following documents: any such applicant's section 1603 application(s), all communications between the applicant and NREL or the Department of Treasury relating to the section 1603 application(s) subsequent to the submission of the applicant's placed-in-service application, and any award letters issued by the Department of Treasury.

Def.'s Resp. at 5-6.

Discussion

A. Nippon's Discovery Request is Relevant to the Weight to be Afforded the Treasury's Guidance.

According to RCFC 26(b), a party may obtain discovery of any non-privileged material relevant to the substance of the case in question. The Guidance acted as the basis for Treasury's reduction of Nippon's award. Nippon argues that its discovery request is relevant in order to determine how much deference to afford the Guidance under Skidmore v. Swift, 323 U.S. 134 (1944). According to Nippon, an inconsistently applied guidance warrants less deference than a consistently applied guidance. The Government argues that the requested information is irrelevant because consistency of application decisions is irrelevant to the amount of deference the Guidance is warranted. Def.'s Resp. at 11.

Under Skidmore, courts may give deference to an agency's interpretation of its governing laws even when the agency does not use its rulemaking authority. 323 U.S. at 139-40. In deciding whether to give deference to an agency interpretation, courts should consider the interpretation's "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and *all those factors which give it power to persuade*, if lacking power to control." Id. (emphasis added). Depending on the balance of these factors, courts may give a range of deference from "great respect" to "near indifference." United States v. Mead Corp., 533 U.S. 218, 228 (2001) (citations omitted).

The Government argues that this Court may only consider whether the Guidance is consistent with other "pronouncements" under Skidmore. Def.'s Resp. at 11. According to the Government, pronouncements are only formal and public declarations, and exclude section 1603 grant application decisions. Id. The rule in Skidmore allows this Court to consider "all those factors which give [the Guidance] power to persuade." 332 U.S. at 140. There is no authority limiting this Court's consideration only to public pronouncements. This Court has already held that internal, non-public, agency documents may be relevant to determining how much deference to afford an agency interpretation. Jade Trading, LLC v. United States, 65 Fed. Cl. 487, 493 (2005) (stating that internal documents related to the IRS's construction of 26 U.S.C. § 752 was relevant to determining the validity of the plaintiff's penalties); Marriott International Resort v. United States, 61 Fed. Cl. 411, 416 (2004) (stating that internal IRS documents are relevant to "evaluat[ing] different interpretations of the law that have been applied at different points in time"). The Treasury's decisions regarding section 1603 applications are no different. Whether the Guidance has been applied consistently is relevant to whether this Court should strongly defer to it.

Moreover, this Court has recently considered precisely whether inconsistency of past section 1603 awards is relevant to how much deference to afford the Guidance. W.E.

4

Partners II, LLC v. United States, 119 Fed. Cl. 684, 692 (2015). In W.E. Partners II, the Court held that the Guidance warranted considerable deference. Id. However, the Court also stated that:

> [t]he one limiting factor for the Treasury Department here is the inconsistency of its interpretation as applied to past reimbursements. The Treasury Department fully reimbursed another W.E. Partners energy facility, WEP I, . . . . However, the Government now regards the full reimbursement to WEP I as an agency mistake, and asks the Court to give that decision no weight in determining the applicable law.

Id. This statement shows that the Court did consider other award decisions but ultimately decided that inconsistently applying the Guidance to a single case did not warrant ascribing less weight to the Guidance. Nippon now believes there is evidence that the inconsistent application of the Guidance to WEP I's application was not an outlier. This evidence would be relevant to a determination of how much deferential weight to ascribe to the Guidance.

Thus, the disputed discovery requests are relevant to the subject matter of this case and discoverable under RCFC 26(b).

### B. Interrogatory No. 1, Interrogatory No. 3 and Request for Production No. 1 are Discoverable, but Request for Production No. 2 is Limited to Section 1603 Applications and Award Letters.

The Government further objects to the discovery requests on the grounds that they are overly burdensome and broad. Def.'s Resp. at 1; Pl.'s Mot. at 13. It further argues that the documents requested are confidential under the Terms and Conditions of the section 1603 application. Def.'s Resp. at 3. According to the application's Terms and Conditions, Treasury will not share confidential applicant information unless required by law. Id. The Government emphasizes that this Court should not force the disclosure of confidential business information. Id. at 7, 11. A court may compel discovery of confidential information so long as it is not privileged. Estate of Rubinstein v. United States, 96 Fed. Cl. 640, 646 (2011). The Court is largely unconvinced by the Government's attempt to evade discovery, with one exception – the Court will not require the production of the communications between Treasury and other section 1603 applicants.

Interrogatory No. 1, Interrogatory No. 3, and Request for Production No. 1 are not overly burdensome or broad. The requests are specifically limited to only those applications which involved dual-use facilities and were awarded full amounts, seven of which Nippon requests by name. There are only 168 open-loop biomass applications in total. Pl.'s Mot. at 13, Decl. Johnson ¶ 7. Whether those applications involved a dual-use facility can be identified based upon the applicant's answer to application question 4C or

5

4D. Decl. Johnson ¶ 3. Applications and award letters are delivered and received through a single email address. Pl.'s Mot. at 14. The material which the Government will have to investigate to respond to Nippon's request consists of 168 applications and materials sent through one email address. This request is not overly burdensome.

Request for Production No. 2 is overly broad and unnecessarily includes communications between applicants and Treasury or the National Renewable Energy Laboratory ("NREL"). This Court will not permit discovery that is unreasonably cumulative or duplicative. RCFC 26(b)(2)(C)(i). Nippon requests information supporting its claim that Treasury applied the Guidance inconsistently. That claim can be supported adequately with the applications and award letters of those applicants who received full grant awards despite being a dual-use facility. The Court will not compel the disclosure of private communications between third parties and the Government lightly. Given that no additional useful information can be ascertained from communications between third party applicants and the Government, the Court will not compel the Government to produce communications between Treasury or NREL and applicants receiving full grants. Request for Production No. 2 is limited to the grant applications and award letters only.

## Conclusion

Nippon's motion to compel discovery is GRANTED IN PART. The Government is ordered to answer the interrogatories and produce the relevant documents, excluding communications between third party applicants and Treasury or NREL, as promptly as possible.

IT IS SO ORDERED.

> s/Thomas C. Wheeler
> THOMAS C. WHEELER
> Judge